IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AT&T CORP., a New York corporation ) <br> And AT&T COMMUNICATIONS OF ) <br> THE SOUTH CENTRAL STATES, ) <br> LLC, a Delaware limited liability ) <br> Company, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROBINSON REAGAN & YOUNG, ) <br> PLLC, a Tennessee limited liability ) <br> Company ) <br> Defendant. ) | Civil Action File No. 3:12-0138 <br><br><br> Judge Trauger <br><br> Magistrate Judge Griffin |

## MOTION TO DISMISS

Defendant Robinson, Reagan & Young, PLLC, by and through counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Court for an Order dismissing the Complaint filed against it. In support of this Motion, Defendant would show that the relief sought in this matter is subject to the two-year contractual limitation period set forth in Section 15.4 of the AT&T Master Agreement ("the Contract"), attached hereto at Exhibit 1 and marked as Exhibit A in Plaintiffs' Complaint for Breach of Contract. Plaintiffs have asserted damages relating to charges that were incurred by Plaintiff during the three years the Contract was in effect, but all claims relating to charges that were incurred by the Defendant during the first two years and six months of that period are time-barred under Section 15.4. As a result, the amount in controversy does not exceed the sum or value of $75,000.00, as required in federal diversity cases, and this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a).

1

Plaintiffs' claims relate to a three-year telecommunications services contract that the parties entered into on July 5, 2007. (*See* Complaint, ¶¶ 15-25.) Pursuant to the Contract, Plaintiffs provided services to Defendant for three years, starting in approximately July 2007. (*See id*. ¶¶ 9, 11.) Defendant was required, each year, to meet a "minimum annual revenue commitment" of $60,000.00. (*See id*. ¶ 11.) Plaintiffs have alleged that Defendant failed to meet that requirement during each year of the contract, and that Defendant failed to pay the resulting amounts owed. (*Id*. ¶¶ 11-12.) Plaintiffs have alleged damages totaling $134,034.61, "for unpaid charges for the Services including late fees, termination or shortfall charges, plus interest at the legal rate on each month's charge . . . ." (*Id*., at *6).

However, under the express terms of the Contract, all claims relating to approximately two years and six months of service are time-barred. Section 15.4 of the Contract provides that "[a]ny legal action arising in connection with this Agreement must begin within two (2) years after the cause of action arises." In the present case, because Plaintiffs did not file the Complaint in this matter until January 10, 2012, all of Plaintiffs' claims relating to charges incurred prior to January 10, 2010 are time-barred, under Section 15.4. The first year of service ended in approximately June 2008, the second year of service ended in approximately June 2009, and the third year of service ended in approximately June 2010. (*See* Complaint ¶¶ 9, 11.) Therefore, all claims relating to charges that were incurred during the first two years of the contract, as well as all monthly charges incurred between July 2009 and January 10, 2010, during the third year of the contract, are time-barred.

The remaining damages alleged by Plaintiffs cannot exceed the sum or value of $75,000.00, as required under 28 U.S.C. § 1332(a). The maximum amount Defendant could have owed under the Contract in any given year was $60,000.00 because, as Plaintiffs

2

acknowledge, Defendant failed to meet that "minimum annual revenue commitment" during each year of the Contract. (*See* Complaint ¶ 11.) Plaintiffs have not alleged any damages that do not relate directly to the performance of the Contract. (*Id.* at *6.) As a result, the amount in controversy, a maximum of $60,000.00 relating to the third year of service, falls short of the jurisdictional minimum required under 28 U.S.C. § 1332(a) for federal diversity jurisdiction to exist. Therefore, this Court lacks subject matter jurisdiction, and Plaintiffs' claims should be dismissed for failure to state a claim upon which relief may be granted.

WHEREFORE, for these reasons and for the reasons stated in the Memorandum of Law filed contemporaneously herewith, Defendant prays this Court dismiss this lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By:    /s/William T. Ramsey
      William T. Ramsey, #009245

2000 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile
wramsey@nealharwell.com

*Counsel for Defendant*

3

# CERTIFICATE OF SERVICE

I hereby certify on July 20, 2012, a copy of the foregoing was filed electronically. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt:

Paul R. Franke, III
Bethany A. Johnson
Franke Greenhouse, LLP
Kittredge Building
511-16th Street, Suite 610
Denver, Colorado 80202
pfranke@frankegreenhouse.com
bjohnson@frankegreenhouse.com

Jeffrey G. Foster
Allen, Kopet & Associates, PLLC
P.O. Box 2385
Jackson, TN 38302
jfoster@allen-kopet.com

*Attorneys for Plaintiffs*

                                               /s/ William T. Ramsey

4

Case 3:12-cv-00138   Document 25   Filed 07/20/12   Page 4 of 4 PageID #: 80